IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN A. MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-885-C |
| v. | ) | |
| | ) | |
| THE STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

SUPPLEMENTAL REPORT  AND  RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this action, and the matter has

been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28

U.S.C. § 636(b)(1)(B).  The Petitioner asks to have the "Order[s]" entered by Oklahoma

County District Judge Gray and the Oklahoma Court of Criminal Appeals "Set Aside," and

Petitioner states that he is currently incarcerated pursuant to a judgment and sentence entered

in the District Court of Oklahoma County, that he was convicted by a jury of the offenses of

trafficking in illegal drugs and possession of a controlled dangerous substance, and that he

was denied constitutional rights during the trial proceedings in the state court criminal case.

The initial pleading filed in this action, which is denominated "Rule 5. Appeal by Permission

under 28 U.S.C. § 1229(b), and Motion to Set Aside the Order Amen [sic] Finings [sic] and

to Grant Relief Judgment Entered Herein," is construed as a Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2254.

The Petition was filed by Petitioner in this Court on August 22, 2006.  However, Petitioner has another § 2254 petition pending in this Court challenging the same convictions. In that habeas proceeding filed by Petitioner on January 24, 2006, Petitioner challenges his convictions for trafficking in illegal drugs and possession of a controlled dangerous substance entered in the District Court of Oklahoma County, Case No. CF-2001-5943. Kevin A. Martin v. Justin Jones, Director, Case No. CIV-06-87-C.  He alleges in that action that he was denied Fourth Amendment rights in connection with a search and seizure, he was denied effective assistance of trial counsel, he was denied a fair trial due to the admission of irrelevant evidence, his sentences are disproportionate to the offenses, and that his rights under the Double Jeopardy Clause were violated.  Petitioner presents some of the same claims in the instant Petition.  The instant Petition is therefore duplicative of the other habeas proceeding filed by Petitioner that is pending in this Court and should be dismissed on this ground.

It must be noted that the docket sheet in Kevin A. Martin v. Justin Jones, Director, Case No. CIV-06-87-C, reflects that an Order was entered on July 21, 2006, by United States Magistrate Judge Roberts in which Petitioner was directed to file a reply to the Respondent's response on or before August 21, 2006.  If Petitioner's intent was to file the initial pleading herein in his earlier, pending  habeas proceeding, Petitioner should have alerted the Court of his intent. Petitioner has not done so, and therefore the instant action, which has been filed as a separate action and construed as a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, is duplicative.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice as it is duplicative.  Petitioner is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by _____October 4th_____ , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Petitioner is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __14th__ day of ___September___, 2006.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE